IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH W. HOULT, ) | |
| Petitioner, ) | |
| v. ) | No. 16-CV-02191 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

### AMENDED OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Joseph W. Hoult's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699-700 (7th Cir. 2010) (quotation omitted). Specifically, while a claim under Johnson v. United States, 135 S. Ct. 2251 (2015) would be timely, Petitioner does not have a cognizable Johnson claim. Petitioner's remaining

claims are untimely.  Therefore, the Section 2255 Motion is DENIED.

## I. BACKGROUND

In August 2012, Petitioner was charged by indictment with six counts of distribution of child pornography, six counts of receipt of child pornography, and one count of possession of child pornography.  See United States v. Joseph W. Hoult, Central District Illinois, Urbana Division, Case No. 12-20053 (hereinafter Case No. 12-20053), Indictment (d/e 6).  On June 21, 2013, Petitioner entered an open plea of guilty to all 13 counts of the Indictment before United States Magistrate Judge David G. Bernthal.  Case No. 12-20053, June 21, 2013 Text Order.  Judge Bernthal prepared a Report and Recommendation recommending that the plea of guilty be accepted.  Case No. 12-20053 (d/e 18).  On July 16, 2013, Senior United States District Judge Michael P. McCuskey approved the recommendation of the magistrate judge, accepted the guilty plea, and adjudged Petitioner guilty of the offenses.  Case No. 12-20053 (d/e 20).

The Probation Office prepared a Revised Presentence Investigation Report (PSR).  Case No. 12-20053, PSR (d/e 29).  The

probation officer determined that the base offense level for Petitioner's offenses was 22. Id. ¶ 26. Petitioner received a two-level enhancement due to the age of the children depicted (U.S.S.G. § 2G2.2(b)(2)); a five-level enhancement for distribution in exchange for additional child pornography (U.S.S.G. § 2G2.2(b)(3)(B)); a four-level enhancement for material displaying violence (U.S.S.G. § 2G2.2(b)(4)); and a five-level enhancement for having 600 or more images (U.S.S.G. § 2G2.2(b)(7)(D)). Id. ¶¶ 27-30. After a reduction for acceptance of responsibility, Petitioner's total offense level was 35. Id. ¶¶ 36-38. In addition, Petitioner had a total criminal history score of 17, which established a criminal history category of VI. Id. ¶¶ 49-50.

Based on a total offense level of 35 and a criminal history category of VI, the guideline imprisonment range was 292 to 365 months. Case No. 12-20053, PSR ¶ 85. However, the statutory maximum sentence was 240 months on Counts 1 through 12 and 120 months on Count 13. Id. ¶¶ 85, 86. Therefore, the guideline range on Counts 1 through 12 was 240 months and the guideline range on Count 13 was 120 months. Id.

Defense counsel did not object to the PSR. Case No. 12-20053, December 20, 2013 Minute Entry. Judge McCuskey adopted the PSR without change. See Statement of Reasons (d/e 34).

Judge McCuskey sentenced Petitioner to 200 months' imprisonment on Counts 1 through 12 and 120 months' imprisonment on Count 13, all to run concurrently. Case No. 12-20053, Judgment (d/e 32). Judge McCuskey also imposed a life term of supervised release on all counts, to run concurrently. Id. Petitioner did not file a direct appeal.

On June 16, 2016, Petitioner placed his Section 2255 Motion in the prison mailing system. See Motion (d/e 1). The Motion was filed on June 23, 2016. Because of Judge McCuskey's retirement from his position as a District Court Judge, the case has been assigned to this Court.

## II. ANALYSIS

Petitioner raises three grounds for relief in his Motion. First, Petitioner argues that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), he was sentenced under a higher guideline range than he should have been. Section 2255 Motion (d/e1) (Ground

One).  Second, Petitioner argues that the sentencing guideline enhancements under United States Sentencing Guidelines "§ 2G2" and "§ 2G1" are unconstitutional.  Id. (Ground Two).  Finally, Petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to file a timely notice of appeal to raise the claim that Petitioner's sentence was unreasonable in light of the "§ 2G1" and "§ 2G2" enhancements.  Id.  (Ground Three).

The United States has filed a response asking that the Court deny Petitioner's claims because (1) any of Petitioner's claims that are not based on the United States Supreme Court's decision in Johnson are untimely and (2) Petitioner's purported Johnson claim fails on the merits because Petitioner was not sentenced under the Armed Career Criminal Act or as a career offender under the Guidelines.  Resp. at 1 n.1, 7, 9 n.10, 10-12 n.12.  Petitioner did not file a reply despite being given an opportunity to do so.

A one-year period of limitation applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under Section 2255 (f)(1) and (f)(3) because Petitioner does not allege any government action prevented him from making a motion (Section 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting the claim (Section 2255(f)(4)).

A claim by Petitioner pursuant to Johnson would be timely. Under Section 2255(f)(3), the one-year period begins to run on the date on which the right asserted was initially recognized by the Supreme Court. On June 26, 2015, the United States Supreme Court decided Johnson, 135 S. Ct. 2551.

In Johnson, the Supreme Court considered a challenge to the Armed Career Criminal Act, which imposes a more severe sentence on defendants convicted of the offense of felon in possession of a firearm and who have three previous convictions for a violent felony, a serious drug offense, or both. See Johnson, 135 S. Ct. at 2555; 18 U.S.C. § 924(e)(1). The Act defined a violent felony to include, among other definitions, a crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This definition is known as the residual clause. Johnson, 135 S. Ct. at 2557. In Johnson, the Supreme Court held that the residual clause was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Id. at 2563. The Johnson decision

announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016); see also Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (providing that the one-year period runs from the ruling recognizing the right asserted, not the date the right was found to be retroactive).

Although a claim under Johnson would be timely, Johnson has no application to Petitioner's sentence. Petitioner was not sentenced under the Armed Career Criminal Act. In addition, even assuming that Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the identical residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2)—an issue currently pending before the United States Supreme Court in Beckles v. United States—Petitioner was not sentenced as a career offender, either. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016). Therefore, Johnson has no applicability to this case at all.

Petitioner's remaining Section 2255 claims are untimely. Under Section 2255(f)(1), the one-year period begins to run on the date the conviction becomes final. Petitioner did not file a direct

appeal. Therefore, Petitioner's conviction became final on January 6, 2014, after the expiration of the 14-day period to file a direct appeal. See Fed. R. App. P. 4(b)(1)(A); Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013). Consequently, Petitioner had to file his Section 2255 Motion on or before January 6, 2015. Petitioner placed his Motion in the prison mail on June 16, 2016, and the Motion was filed on June 23, 2016,[1] well beyond the deadline of January 6, 2015. As such, Petitioner's Motion is untimely as to his claims that the enhancements under "§ 2G2" and "§ 2G1" are unconstitutional and his counsel provided ineffective assistance.

Although Petitioner does not specifically argue that equitable tolling should apply, he does argue that he did not file his Section 2255 Motion earlier because his attorney told him that he had waived his rights to appeal and seek collateral relief. The one-year period of limitation for Section 2255 motions is subject to equitable

---

[1] Petitioner's filing did not strictly comply with Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 3(d) provides that a paper filed by an inmate is timely filed if deposited in the prison mailing system on or before the last day for filing and contains either a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which sets forth the date of deposit and states that first-class postage has been prepaid. Petitioner did not indicate that first-class postage had been prepaid.

tolling.  United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (also noting that "equitable tolling is granted sparingly").  Equitable tolling is limited to those cases that involve "[e]xtraordinary circumstances far beyond the litigant's control" that prevented timely filing of the § 2255 petition.  Id.  Moreover, the petitioner must have been pursuing his rights diligently.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

    Petitioner's claim that his counsel told him that he had waived his rights to appeal and bring a collateral attack is not an extraordinary circumstance beyond Petitioner's control.  See, e.g., Holland v. Florida, 560 U.S. 631, 651 (2010) (holding that "a garden variety claim of excusable neglect" does not warrant equitable tolling but that more serious instances of attorney misconduct may warrant equitable tolling).  Moreover, Petitioner has not shown that he pursued his rights diligently.  Petitioner could have easily determined that he did not waive his right to appeal or bring a collateral attack.  Petitioner entered an open plea and did not have a plea agreement.  Therefore, he did not waive his right to appeal or bring a collateral attack as part of his plea.  In addition, the record reflects that Petitioner was advised of his appeal rights after

sentencing.  See Case No. 12-20053, December 20, 2013 Minute Entry.  With due diligence, Petitioner could have discovered long before June 2016 that he did not waive his right to appeal or bring a collateral attack.  Consequently, Petitioner is not entitled to equitable tolling.

In sum, while a claim under Johnson would be timely, Petitioner does not have a cognizable Johnson claim.  Petitioner was not sentenced under the Armed Career Criminal Act and, even assuming Johnson applies retroactively on collateral attack to the career offender guideline, Petitioner was not sentenced as a career offender.  Petitioner's other Section 2255 claims are untimely and equitable tolling does not apply.

### III. CONCLUSION

For the reasons stated, Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  Because reasonable jurists would not find the Court's assessment of the constitutional claims and dismissal on procedural grounds debatable, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2); Slack v.

McDaniel, 529 U.S. 473, 484-85 (2000).  THIS CASE IS CLOSED.

ENTER: September 30, 2016

FOR THE COURT:

                                     s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE